# United States District Court

## for the Northern District of Oklahoma

---

Case No. 24-cv-407-JDR-JFJ

---

Francine Lowe,

*Plaintiff*,

*versus*

Brookshire Grocery Company; Coca-Cola Southwest Beverages, LLC; Thomas Beard; David Mitchell,

*Defendants*.

---

## OPINION AND ORDER

---

After slipping and falling in a puddle of water at a Reasor's-brand grocery store, Plaintiff Francine Lowe brought this negligence action in Tulsa County District Court. *See* Dkt. 2-1. Her petition includes allegations against Brookshire Grocery Company, which operates Reasor's store no. 916, where the injury took place; Coca-Cola Southwest Beverage, LLC, which operated the refrigeration unit at the store that allegedly leaked and caused Ms. Lowe's fall; and Brookshire employees David Mitchell and Thomas Beard. *Id.* Brookshire then filed a notice of removal asserting that jurisdiction is proper in this Court because Ms. Lowe seeks damages in excess of $75,000; because there is complete diversity between Ms. Lowe (a citizen and resident of Oklahoma) and defendants Brookshire and Coca-Cola (citizens of other states); and because the remaining defendants were fraudulently joined. Dkt. 2 at 2-3. In response, Ms. Lowe moved to remand this case to state court. Dkt. 15. For the reasons discussed below, the motion to remand is denied.

Case No. 24-cv-407

When a plaintiff initiates an action in state court that could have been brought in federal court in the first instance, a defendant may ordinarily remove the case to federal court under 28. U.S.C. § 1441 so long as it meets the procedural requirements for doing so.[1] The removing party bears the burden of establishing that removal is appropriate and that the exercise of federal jurisdiction over the action is proper. *See Brazell v. Waite*, 525 F. App'x 878, 880-81 (10th Cir. 2013). When, as here, the party seeking removal asserts that the federal court has jurisdiction over the removed matter under 28 U.S.C. § 1332(a), the party must ordinarily show complete diversity between the plaintiff and all defendants and an amount in controversy exceeding $75,000. 28 U.S.C. 1332(a)(2); *Brazell*, 525 F. App'x at 881.

In some circumstances, a court may permit the removal of a case even though there is not complete diversity with respect to all defendants; a removing party can ask the court to disregard the citizenship of non-diverse parties who are "fraudulently joined" in the action. *Brazell*, 525 F. App'x at 881. A party asking the court to disregard the citizenship of a party need not establish actual fraud. *See id.* (recognizing that the doctrine of fraudulent joinder "need not involve actual fraud in the technical sense"). Fraudulent joinder can be established by showing there is no viable cause of action against the non-diverse defendants. *Id.* (citing *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

When evaluating the viability of a plaintiff's claim against a non-diverse party, a court should not pre-try claims that can only be dismissed following an exacting analysis of state law. *Id.* At the same time, a court is not required to accept a plaintiff's allegations without question. *Id.* The court must walk a middle ground, looking beyond the pleadings to determine whether the non-diverse defendants are "real and substantial parties to the

---

[1] There are certain limited exceptions, such as when a defendant is a citizen of the state where the action is brought. *See* 28 U.S.C. § 1441(b)(2).

Case No. 24-cv-407

controversy." *Id.* (quoting *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998)).

Brookshire contends that Mr. Beard and Mr. Mitchell are not "real and substantial parties" to this dispute, and that they should be disregarded for purposes of determining diversity because Ms. Lowe has no legitimate grievance against either of them. *Id.*; *see* Dkt. 2 at ¶¶ 16-18. In support of this argument, Brookshire has introduced (1) a sworn affidavit from Mr. Beard, which states that Mr. Beard has never acted as a manager of store no. 916, has no firsthand knowledge of the incident giving rise to Ms. Lowe's injuries, and had no direct involvement with the management of the store where the incident took place; and (2) a sworn affidavit from Mr. Mitchell, stating that he was employed as the manager of a different store (store no. 917) at the time of Ms. Lowe's accident, that he has never acted as manager of store no. 916, and that he had no direct involvement in the management of the store where Ms. Lowe was injured. Dkts. 2-5; 2-6.

The evidence presented by Brookshire is sufficient to establish that neither Mr. Beard nor Mr. Mitchell is a "real or substantial party to the controversy." *Brazell*, 525 F. App'x at 881, 884-85 (denying motion to remand where the claims against the non-diverse defendant were meritless). Although Oklahoma law permits plaintiffs to assert negligence claims against managers who are ultimately responsible for protecting customers from harmful conditions within a store, *see J.C. Penny Co. v. Barrientez*, 1965 OK 166, 411 P.2d 841, 851, it does not appear that either Mr. Beard or Mr. Mitchell bore such a responsibility with respect to either store no. 916 or its customers, including Ms. Lowe. And Ms. Lowe has pointed to no case law suggesting that a plaintiff may bring claims against a district manager (or other off-site manager) based on the conditions within a particular store on a day

Case No. 24-cv-407

when that manager was not present.[2] Accordingly, the claims against Mr. Beard and Mr. Mitchell lack a legal basis.

Ms. Lowe asks the Court to disregard Brookshire's evidence that Mr. Mitchell lacked supervisory authority over store no. 916—or, at a minimum, to treat it as contested. In support of this request, she has submitted a copy of Mr. Mitchell's LinkedIn profile, which indicates he worked as the center store manager for store no. 916. But this hearsay evidence cannot be used to counter Mr. Mitchell's affidavit. *See Wagoner v. Hussey Seating Co.*, No. 13-cv-352-TCK-PJC, 2013 WL 6048853, at *5 (N.D. Okla. Nov. 13, 2013) (collecting cases in support of the proposition that hearsay evidence cannot be considered when resolving a claim of fraudulent joinder). The undisputed competent evidence establishes that neither Mr. Mitchell nor Mr. Beard had custody or control over the store where Ms. Lowe was injured, and that, consequently, neither Mr. Mitchell nor Mr. Beard owed—or breached—a duty to Ms. Lowe under Oklahoma law. Those two individuals are therefore not real parties to this controversy, and they are fraudulently joined. *Brazell*, 525 F. App'x at 881, 884-85.

When Mr. Beard and Mr. Mitchell are disregarded for purposes of the jurisdictional analysis, it is evident that the remaining parties are completely diverse, and that the amount in controversy exceeds the jurisdictional threshold. The original petition contends that the damages exceed $75,000, and the record before the Court establishes that Brookshire and Coca-Cola—unlike Ms. Lowe—are not citizens of Oklahoma. *See* Dkts. 2 at ¶¶ 9, 10; 2-1 at 13;

---

[2] *See* Dkt. 15 at 4 (suggesting that Mr. Beard might have had responsibility to supervise stores within his district, without citing any authority to suggest that he might owe an independent legal duty to a particular customer within a particular store). *Cf. Reed v. Safeway Stores, Inc.*, 400 F. Supp. 702, 703 (N.D. Okla. 1975) (distinguishing *Barrientez*, where the manager "had custody and control" of the store at the time of the incident, from the case before it, where the individual defendant was not at the premises at the time of the accident).

Case No. 24-cv-407

24-4 at ¶ 6 (indicating that Coca-Cola Southwest Beverages LLC is a Delaware company with its principal place of business in Texas, and that the sole member of that entity is a Mexican company with a principal place of business in Mexico). Accordingly, the Court concludes that it may properly exercise jurisdiction over this case under 28 U.S.C. § 1332. Ms. Lowe's motion to remand [Dkt. 15] is, therefore, denied. Brookshire's intervening request for a stay pending jurisdictional discovery [Dkt. 25] is denied as moot.

DATED this 18th day of December 2024.

JOHN D. RUSSELL
*United States District Judge*