# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cv-407-JDR-JFJ

Francine Lowe,

*Plaintiff,*

versus

Brookshire Grocery Company; Coca-Cola Southwest Beverages, LLC; Thomas Beard; David Mitchell,

*Defendants.*

## OPINION AND ORDER

Plaintiff Francine Lowe tries a second time to remand this lawsuit to the Tulsa County District Court. Dkt. 40. This time she asserts that her operative petition's prayer "for judgment against the Defendants for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). . . .together with pre-judgment interest, attorney fees, the costs of this action, and any and all further relief the Court deems just and proper and to which the Plaintiff may be entitled" [Dkt. 2-1], a prayer drafted by her attorneys, is only pleaded "[o]ut of an abundance of caution." *Id.* Once diversity jurisdiction is established through removal, a plaintiff may not reduce the amount in controversy to an amount below the jurisdictional threshold in an attempt to divest the court of jurisdiction. The Court denies Ms. Lowe's second motion to remand.

When Ms. Lowe filed her first motion to remand [Dkt. 15], the operative petition in the removed case was the "Refiled Petition" filed in the Tulsa County District Court on May 2, 2024. Dkt. 2-1. Since removal to this Court,

No. 24-cv-407

Ms. Lowe has not amended her operative petition, which includes the prayer for judgment seeking damages in an amount that exceeds the diversity jurisdiction threshold. *See* 28 U.S.C. § 1332(a). This same prayer for judgment was operative when Ms. Lowe filed her first motion to remand on September 6, 2024. Dkt. 15.

Removal jurisdiction predicated on diversity of citizenship is determined by the plaintiff's petition as of the date it was filed in state court. *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 390 (1998). If, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, a complaint alleging diversity jurisdiction will be dismissed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Once diversity jurisdiction attaches to the removed action, neither a subsequent change in the litigants' citizenship nor a subsequent reduction of the amount in controversy beneath the jurisdictional amount will divest the Court of jurisdiction. *Id.* at 289-90.

The face of Ms. Lowe's petition could not be clearer: She prayed for a judgment in an amount that exceeds $75,000. Dkt. 2-1. Although her pre-petition settlement demand requested less than $75,000 [*see* Dkt. 40 at 2], there is no reason to believe that her petition's demand for more than $75,000 reflects a damage claim that does *not* include a compromise for purposes of a pre-petition settlement. Ms. Lowe's assertion in her second motion to remand, filed more than a year after she filed her petition, that she was following an ambiguous Oklahoma pleading statute [*see id.* at 3] does not change the basis upon which this Court looks to consider subject-matter jurisdiction— the face of the petition. That petition, as it existed when originally filed and as it exists today, prays for a judgment in an amount that exceeds $75,000. Ms. Lowe's protestations today about her ability to recover that amount will not divest this Court of jurisdiction. *See St. Paul Mercury*, 303 U.S. at 289-90.

No. 24-cv-407

Even if Ms. Lowe believed the amount in controversy alleged in her petition was wrong, her time to challenge or re-allege facts defeating federal jurisdiction has passed. Ms. Lowe's second motion to remand [Dkt. 40] is denied.

DATED this 2d day of June 2025.

_____
JOHN D. RUSSELL
*United States District Judge*